**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KUHL WHEELS, LLC and EPILOGICS GROUP,

    Plaintiffs,

v.                                                                          Case No. 06-CV-15204-DT

GENERAL MOTORS CORPORATION and
FORD MOTOR COMPANY,

    Defendants.
                                                              /

**CLOSING ORDER**

In companion case 03-70181, Hayes Lemmerz International, Inc. ("Hayes") filed an action for declaratory relief in this court seeking a declaration that the Struktur Wheel does not infringe on the following two patents held by Kuhl Wheels, LLC and Epilogics Group (collectively, "Kuhl"): patent number 6,042,194 (the "'194 Patent") and patent number 6,520,596 (the "'596 Patent"). Kuhl subsequently filed a counterclaim against Hayes, alleging patent infringement and a number of non-patent claims. The court entered a claim construction order and Hayes filed a motion for summary judgment on the issue of patent infringement.

In its summary judgment briefing, Kuhl acknowledged that, under the court's claim construction order, the Struktur Wheel does not literally infringe on either patent and does not infringe on the '596 Patent under the doctrine of equivalents. On November 27, 2007, the court heard oral argument on the remaining infringement issue: whether the Struktur Wheel infringes the '194 Patent under the doctrine of equivalents. In the court's November 30, 2007 "Opinion and Order Granting 'Hayes'[s] Motion . . . for

Summary Judgment for Non-Infringement of U.S. Patent Nos. 6,042,194 and 6,520,596 . . . ," the court found that the Struktur Wheel did not infringe the '194 Patent under the doctrine of equivalents as a matter of law.

On February 10, 2006, Kuhl filed a motion in the 03-70181 case seeking leave to add General Motors Corporation ("GM") and Ford Motor Company ("Ford") as defendants. Kuhl argued that there is "no question that it would not make sense for the court to order separate trials of the infringement claims against GM, Ford and Hayes . . . [because] *the infringement claims are virtually identical* and separate trials or actions, not joinder, will cause the unnecessary expense and delay asserted by Hayes." (Kuhl's Amend. Counterclaim Reply at 1-2 (emphasis added).) Kuhl initiated the instant lawsuit, raising one count of patent infringment, after the court denied Kuhl's motion to add GM and Ford as defendants to the 03-70181 case. On September 19, 2007, the court entered an order staying this case pending resolution of the 03-70181 case.

During a November 27, 2007 hearing in the 03-70181 case, the court asked Kuhl if there was any reason why the court's infringement ruling in the 03-70181 case would not determine the outcome of the instant case. In response, Kuhl argued that the court's infringement ruling in the 03-70181 case would not determine the outcome of this case because Hayes had never proven that the Struktur Wheel at issue in the 03-70181 is the same wheel or wheels that Hayes has sold and is selling to GM and Ford. Kuhl admitted, however, that it did not have any evidence indicating that the wheels GM and Ford sold or are selling are materially different from the Struktur Wheel at issue in the 03-70181 case. Kuhl merely expressed its uncertainty as to whether the wheels were materially different.

Based on these facts, the court issued a December 4, 2007 "Order to Show Cause" in the above-captioned case. In that order, the court directed Kuhl to "show cause in writing, on or before December 12, 2007, why judgment should not be entered against it pursuant to the doctrine of issue preclusion." (12/4/07 Order at 2 (emphases omitted).) On December 12, 2007, Kuhl filed its response to the court's November 9, 2006 order. Because Kuhl's response fails to address the court's concerns, the court will enter judgment in favor of Defendants.

The related doctrines of issue preclusion and claim preclusion embody the "fundamental precept of common-law adjudication . . . that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies'" *Montana v. United States*, 440 U.S. 147, 153 (1979) (quoting *S. Pacific R.R. Co. v. United States*, 168 U.S. 1, 48-49 (1897)). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* at 153-54.

"Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided in a prior civil action." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). Issue preclusion, also known as collateral estoppel, applies to prevent relitigation of an issue in a subsequent civil action when the following four requirements are met:

3

(1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding;

(2) determination of the issue must have been necessary to the outcome of the prior proceeding;

(3) the prior proceeding must have resulted in a final judgment on the merits; and

(4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*United States v. Cinemark USA, Inc.*, 348 F.3d 569, 583 (6th Cir. 2003).

Here, there is no dispute that the court's finding of non-infringement was necessary to the outcome of the 03-70181 case, that the 03-70181 case resulted in a final judgment on the merits and Kuhl had a full and fair opportunity to litigate the issue in the voluminous summary judgment motion practice and lengthy hearing in the 03-70181 case. During the November 27, 2007 motion hearing in the 03-70181 case, Kuhl raised a concern regarding whether the wheels at issue in the two cases are the same wheels, but admitted that it had no factual basis to believe that the wheels at issue in this case are materially different than the Struktur Wheel at issue in the 03-70181 case. Therefore, the court's show cause order required that, "if Kuhl has a good faith basis to believe that the allegedly infringing wheels at issue in this case are materially different from the Struktur Wheel in the 03-70181 case, Kuhl must so state *and provide evidence supporting its good faith basis*." (12/4/07 Order at 2 (emphasis added).) In its response to the court's order to show cause, reproduced here in its entirety, Kuhl merely re-iterates its previous concern and provides no good faith reason to believe that the wheels are materially different:

4

> The proposed judgment for GM and Ford should not be entered against plaintiffs because it appears to be based on the unsubstantiated assumption that the Struktur Wheel being sold to GM and Ford by Hayes and going on their cars are all the same and are the same Struktur Wheel that the court based its summary judgment on in the related Hayes case against plaintiffs. Plaintiffs have the right to conduct discovery to ascertain whether there is a factual basis for this assumption.

(Kuhl's Show Cause Resp.)

The court first rejects Kuhl's characterization of the issue as an "unsubstantiated assumption." (*Id.*) Kuhl itself maintained in the 03-70181 case that "the infringement claims are virtually identical." (Kuhl's 03-70181 Amend. Counterclaim Reply at 1-2.) Morever, Kuhl's instant complaint alleges that the allegedly "Infringing Wheel" at issue in this case is the Struktur Wheel that Hayes is marketing in the United States,[1] (Kuhl's 06-15204 Compl. at ¶ 12), and both the court and the parties have proceeded on this basis. Kuhl provides no evidentiary support for its claim of a suspicion, recently-arisen, that the wheels are, or even might be, materially different.

Although Kuhl claims to "have the right to conduct discovery to ascertain whether there is a factual basis for this assumption," under Federal Rule of Civil Procedure 11(b)(3), Kuhl must certify that its "allegations and other factual contentions have evidentiary support or, if specifically so identified, *are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.*" Kuhl's brief, conclusory response neither provides evidentiary support for its position nor even alleges that it is likely to find evidentiary support for its position. Furthermore, Kuhl

---

[1] In its 06-15204 complaint, Kuhl defines the "Infringing Wheel" as follows: "Kuhl subsequently learned that Hayes was developing and marketing the Struktur Wheel in the United States as the Flex Wheel (collectively, 'Infringing Wheel')." (Kuhl's 06-15204 Compl. at ¶ 8.)

5

provides the court with no legal basis for its position that mere speculation or uncertainty is sufficient to comply with either Rule 11 or the court's December 4, 2007 order.

Because Kuhl has failed to demonstrate a Rule 11 basis for maintaining this action in light of the preclusive effect of the judgment in companion case 03-70181,

IT IS ORDERED that judgment is entered against Kuhl pursuant to the doctrine of issue preclusion.[2]


                                         S/Robert H. Cleland
                                         ROBERT H. CLELAND
                                         UNITED STATES DISTRICT JUDGE

Dated: December 26, 2007


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 26, 2007, by electronic and/or ordinary mail.

                                         S/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522

---

[2]This judgment is based on the court's conclusion, substantially unrebutted by Kuhl, that this lawsuit involves the Struktur Wheel. This judgment will not preclude a subsequent patent infringement claim against Ford or GM that is based on evidence, or Kuhl's articulable good faith belief that it is likely to obtain evidence, that GM or Ford's allegedly-infringing wheels are materially different from the Struktur Wheel at issue in the 03-70181 case.